## FAUST v. FAUST.

1. In action for foreclosure against a father and his three children, heirs of the mortgagor, the summons was personally served upon the two children, who were under 14 years of age, and also upon their father, with whom they resided, with a notice attached to the summons served upon the father, that unless a guardian *ad litem* was appointed for these infants within twenty days, &c., plaintiff would procure such appointment. *Held*, that these two infants were properly served, as the service had been made personally upon them and also upon their father, with whom they resided.

2. These two infants having appeared by a guardian *ad litem*, duly appointed, who put in a formal answer, the decree of foreclosure bound them as to all matters necessarily involved in that action. It was therefore too late afterwards for them to attack the judgment upon the ground that the mortgage of their mother, a married woman, was in part invalid ; this matter was *res judicata*.

Before WALLACE, J., Barnwell, March, 1889.

The opinion states the case.

*Mr. B. T. Rice*, for appellant.

*Mr. Robert Aldrich*, contra.

November 25, 1889. The opinion of the court was delivered by MR. JUSTICE McGOWAN. On July 14, 1884, Mrs. Adelaide L. Faust (then a married woman) executed to H. L. Rice & Co. her bond for $1,663.63, and secured it by a mortgage of 380 acres of her land. H. C. Rice & Co. assigned the bond and mortgage to Mrs. Harriet I. Wroton, who became sole owner thereof. Mrs. Faust afterwards died intestate, leaving as her heirs at law a husband, Angus A. Faust, and three children, viz., Augusta, an infant over the age of 14 years, and Rebecca and Wade H. Faust, infants under the age of 14 years. On February 2, 1887, Mrs. Wroton commenced an action against the heirs at law of Mrs. Faust, the mortgagor, to foreclose the mortgage; which proceeded regularly to judgment, no defence of any sort having been interposed.

On October 2nd, 1888, this action was instituted for the purpose of vacating and setting aside said judgment of H. J. Wroton v. A. A. Faust *et al.*, upon the following grounds, viz.: First, that the return of the sheriff, as it appears on the original summons, is erroneous in two important particulars: (1) in stating that the summons and notice of the appointment of guardian *ad litem* were served upon the infant, Augusta, personally, when in fact it was not so served, but was left at her father's residence for her in her absence, she being over fourteen (14) years of age; (2) that the summons and complaint were served upon Rebecca and W. H. Faust, the infants under fourteen (14) years of age, but the same were not served on their father, with whom they resided, for them; and, second, that the indebtedness secured by the bond and mortgage was incurred as follows: six hundred and sixty dollars were advanced directly to Mrs. Faust, but the remainder, amounting to about $1,000, was a debt due by her husband, A. A. Faust.

Mrs. Wroton answered, insisting that the service made, and all other proceedings in her foreclosure suit, were regular and free from all legal exceptions; that the regularity of that proceeding could not be questioned in a collateral manner, and that the mortgage of Mrs. Faust was a contract in regard to her separate property, &c.

The cause came on for trial before Judge Wallace, who held

38 -31

that the proceeding was not collateral, but direct, for the purpose of setting aside the judgment of foreclosure; that the mortgage was a contract in regard to the separate estate of Mrs. Faust, to the extent of the amount advanced to her ($660), and no further; that the service of the summons and complaint and notice of appointment of guardian *ad litem* on Augusta Faust, not being made on her personally, was not a legal service; and as to her, he set the judgment aside. But as to Rebecca Faust and Wade H. Faust, he held that the service was legal and the judgment binding. He ordered the land to be sold and the proceeds divided as follows, viz. : Two ninths to the plaintiff, Augusta Faust, and the remainder upon the judgment of foreclosure in the case of Harriet J. Wroton *v.* A. A. Faust *et al. ;* and the excess, if any, to the remaining heirs at law of Mrs. Adelaide L. Faust, &c., according to their respective interests.

From this decree the defendants, Rebecca Faust and Wade H. Faust, by their guardian *ad litem,* appeal to this court upon the following grounds: "1. Because his honor having decided that the mortgage of Mrs. A. L. Faust was a contract in regard to her separate property to the extent of $660, the amount advanced to discharge the Mowry mortgage, and no further, he erred in decreeing foreclosure for any amount in excess of said sum, advanced to discharge the Mowry mortgage. 2. Because his honor decides that personal service of the summons and complaint upon Rebecca Faust and Wade H. Faust with a notice attached, that unless a guardian *ad litem* was procured to be appointed for said infants, was served upon their father (A. A. Faust), is a sufficient compliance with the law. 3. That his honor erred in holding that the judgment of foreclosure was binding upon the infant defendants in the case of Harriet J. Wroton *v.* A. A. Faust *et al.* (1887), because the question as to the mortgage having been executed by Mrs. Faust to secure the indebtedness of her husband, was not raised by the pleadings, nor considered by the court, in the rendition of the judgment in that case, nor could it be so raised, as the infant children were represented by guardian *ad litem* appointed by the plaintiff, who answered, merely submitting their rights to the protection of the court. 4. That said judgment and decision sustaining the judgment of the court in the case of

Harriet J. Wroton against A. A. Faust *et al.*, except as to the plaintiff, Augusta Faust, is otherwise contrary to the law," &c.

The second exception makes the point, which is first in order, that it was error to hold that the infants, Rebecca and Wade H. Faust, were legally made parties in the foreclosure suit of H. T. Wroton *v.* A. A. Faust *et al.*, and therefore were bound by the judgment rendered in that case. The question is whether they were regularly served with process. It is true that the requirements as to making infants parties must be strictly pursued; and upon that ground the court below set aside the judgment as to Augusta Faust, for the reason that she was not personally served. But such was not the case as to Rebecca and Wade H. Faust; who, being infants under fourteen (14) years of age, and living with their father, were served personally. In this state of facts, subdivision 2 of section 155 of the Code provides as follows: "If against a minor under the age of fourteen years, to such minor personally, and also to his father, mother, or guardian," &c. The Circuit Judge says, "The proof is, that Rebecca and Wade H. Faust were served personally with the summons and complaint, and a summons (with a notice attached, that unless a guardian *ad litem* was procured to be appointed for said infants in the usual form, &c.), was served upon their father, A. A. Faust, with whom said infants resided," &c.

The process was served upon these infants personally, and also upon the father, with a notice attached as to the appointment of a guardian *ad litem* of these infants, &c. It is argued, however, that such summons must have intended to make the father himself a party in court, and had no necessary reference to the children. But the notice attached to the summons served upon the father, shows the contrary. It made express reference to the infants, and was an exact compliance with the law, which only requires that the summons should go "also to their father." There was no surprise. The infants were not misled, but appeared by guardian *ad litem*. They had their day in court, and we concur with the Circuit Judge, that they were regularly made parties, and that as to them the judgment must stand.

But exceptions 1 and 3 seem to make the point, that, although the appellants were regularly before the court when the judgment

in foreclosure was rendered, they are not bound by that judgment so far as concerns the liability of their mother, a married woman, on her bond and mortgage ; for the reason that they were infants at the time it was rendered, and no such question was then raised or expressly decided by the court. The doctrine of *res adjudicata* is very effective and far reaching. The judgment of a court of competent jurisdiction is binding on all parties properly before it, whether they are minors or adults, and whether they claim the right to be heard or not, and is conclusive until reversed on appeal, whether the decision is right or wrong. As was said in the well considered case of *Fraser & Dill* v. *City Council*, 19 S. C., 399 : "It is elementary that the judgment of a competent court, having jurisdiction of the subject matter, is absolutely conclusive against all the parties; the matter decided by it is *res adjudicata*, and may not be stirred again by them—[citing many authorities]. Was the identical matter now sought to be inquired into, decided by the former action ? It does not appear that proof was offered, or the point in question actually ruled ; but that was not indispensable, provided the precise matter was involved, so that it had of necessity to be decided before the judgment could have been given. *Hart* v. *Bates*, 17 S. C., 35. It seems to us that the identical matter now sought to be inquired into was necessarily involved in the former action," &c., &c. So we say here. It seems to us that the matter now sought to be inquired into was necessarily involved, and therefore decided in the former action of foreclosure. The very question of the case was as to the liability of Mrs. Faust, and that was adjudged. The apparent facts were precisely the same then as now; the same law was applicable then as now. There was no defence made, but it might have been. The matter was adjudicated by default, and to allow it to be again stirred, would be in direct violation of the salutary principles of *res adjudicata*.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.